**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | | |
|---|---|---|
| **OSCAR DORIA,** | § | |
|     **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-03-CA-693-LY** |
| | § | |
| **DOUG DRETKE, Director, Texas Dept. of** | § | |
| **Criminal Justice-Correctional** | § | |
| **Institutions Division,** | § | |
|     **Respondent.** | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Lee Yeakel, United States District Judge

        The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

        Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Petitioner's supplement (Document 34); Respondent's Answer (Document 37); and Petitioner's response thereto (Document 41).  Petitioner, proceeding pro se, has paid the filing fee for his application.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

### A.    Petitioner's Criminal History

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 22nd Judicial District Court of Hays County, Texas in cause number CR-97-0397, styled The State of Texas v. Oscar Doria.  Petitioner was charged by a single indictment with two counts of aggravated sexual assault of a child under the age of fourteen and nine counts of indecency with a child under the age of seventeen.  After Petitioner pleaded guilty to the eleven counts, Respondent asserts the jury assessed punishment at 25 years in prison on count one for aggravated sexual assault, 20 years in prison on count two for aggravated sexual assault, 7 years in prison on counts three, four and five for indecency of a child by contact, and 5 years in prison for counts six, seven, eight, and nine for indecency of a child by contact.  Petitioner admits no appeal was filed in his case.  He has however challenged his conviction in a state application for habeas corpus relief. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing.  Ex parte Doria, Appl. No. 51,723-02.

### B.    Factual Background

The state habeas court entered detailed findings of fact and conclusions of law after the Texas Court of Criminal Appeals remanded the case to the trial court for an evidentiary hearing or the taking of affidavits.  See Ex parte Doria, Appl. No. 51,723-02 Supp. at 11-16.[1]  The state habeas court found that Petitioner was charged in a nine-count indictment filed in cause number CR-97-0397. Petitioner was initially represented by attorney Phillip Contreras.  On October 27, 1998, Petitioner

_____

[1]  Petitioner's state writ is contained in two different packets.  The second one is labeled "Supp Recd" and will be referred to as "Supp." followed by the relevant page numbers.

and the State entered into a plea bargain agreement in which the State would dismiss the first two counts of the indictment, Petitioner would plead guilty to the remaining counts and the State would recommend ten years of deferred adjudication probation. That same day, the court took the case under advisement pending the completion of a presentence investigation. On December 16, 1998, the court rejected the plea bargain agreement, permitted Petitioner to withdraw his plea, and placed the case on the jury trial docket.

On May 30, 1999, Contreras filed a motion to withdraw as counsel, which was granted on June 2, 1999. Petitioner then retained Emmett Green. The State did not renew its offer to dismiss the first two counts of the indictment. On November 23, 1999, the State offered a new plea bargain in which the State would request a punishment cap of 40 years. Petitioner rejected the offer and elected to plead guilty to a jury.

On January 24, 2000, a jury was selected, Petitioner was admonished regarding his announced intention to plead guilty and he was arraigned on all nine counts of the indictment. Petitioner entered a plea of guilty to all nine counts. The judge ascertained that Petitioner was pleading guilty voluntarily, because he was guilty, that he understood that he was giving up his right to have a jury decide his guilt or innocence, he was giving up the right to make the State prove his guilt, he was mentally competent, he was satisfied with his attorney, he understood the punishment range for the first degree felonies alleged in counts one and two, and he would be required to register as a sex offender.

The punishment phase before the jury began on January 25, 2000. The prosecutor read all nine counts of the indictment and Petitioner reiterated his plea of guilty before the jury. The victim testified that Petitioner touched her vagina and sometimes it hurt and that he had taken down her

pants and tried to put his penis inside her, causing her pain.  Nancy Kellogg, M.D., testified that her examination of the victim was consistent with her reported history of contact or partial vaginal penetration with the penis.  Defense counsel Green presented witnesses on Petitioner's behalf, including Linda Turley, Director of the Hays County Department of Community Supervision and Corrections, Petitioner and Marilyn Ross, a licensed social worker and Registered Sex Offender Treatment Provider.  Defense counsel and Green discussed Petitioner's right and option regarding appeal, and Petitioner opted to not pursue an appeal.

**C.      Petitioner's Grounds for Relief**

In his original application for habeas corpus relief Petitioner raises the following grounds for relief:

1.      Petitioner was denied the right to a jury trial on counts one and two of the indictment;

2.      The trial court failed to admonish Petitioner as to the consequences of his plea concerning counts one and two of the indictment, rendering his guilty plea involuntary;

3.      Petitioner's guilty plea was obtained without evidence to support the plea with regard to counts one and two of the indictment;

4.      Petitioner's double jeopardy rights were violated because two charges arose from the same incident;

5.      He received ineffective assistance of counsel, because counsel failed to perfect a direct appeal after being instructed to do so;

6.      Petitioner was denied due process, because the State's witnesses heard testimony prior to the giving of their own testimony; and

7.      He received ineffective assistance of counsel because his attorney failed to advance expert and character witnesses on Petitioner's behalf at the punishment phase of trial.

4

Respondent has also interpreted Petitioner's original application to raise two additional claims of ineffective assistance of counsel.  In his response to Respondent's answer Petitioner adopts those claims.  Those claims are:

> 1.      Counsel was ineffective in failing to object to the court's jury charge containing counts one and two; and
>
> 2.      Counsel was ineffective in failing to advise Petitioner that the State could convict him on the first two counts.

In his response Petitioner also adds three additional grounds for relief.  Petitioner argues:

> 1.      He is actually innocent of the crimes alleged in counts one and two;
>
> 2.      Counsel was ineffective when he failed to impeach the victim's testimony with her prior inconsistent statements; and
>
> 3.      Petitioner's state indictment was manufactured by the Hays County District Attorney's Office.

## D.      Exhaustion of State Court Remedies

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in Petitioner's original application.[2]  A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.  Respondent reserves the right to argue exhaustion if the Court's construes Petitioner's petition and supplements to raise claims other than those addressed by Respondent.  Specifically, Respondent contends Petitioner failed to exhaust some of the allegations and evidence provided in his supplement to his federal petition filed on January 23, 2006.

_____

[2]  The District Court previously stayed this case on June 4, 2004, to allow Petitioner the opportunity to exhaust his state court remedies.  The stay was lifted on November 16, 2005, after the Texas Court of Criminal Appeals denied Petitioner's state application for habeas corpus relief.

E.      **Statute of Limitations**

Respondent renews his request to dismiss Petitioner's application as time-barred.   As explained previously in the District Court's June 4, 2004 Order, the request should be denied.  In that order the Court observed that Petitioner's conviction became final on February 26, 2000, at the conclusion of time during which he could have appealed his conviction. Petitioner did not execute his federal application for habeas corpus relief until August 20, 2003.  Absent any tolling, Petitioner's federal application would be time-barred.  The District Court found Petitioner was not entitled to any statutory tolling but determined Petitioner should be granted equitable tolling from the time Petitioner tried to file his state application on December 22, 2000, until the Court of Criminal Appeals sent final notice on June 25, 2003 that Petitioner's habeas application had been denied without written order. The District Court recognized this time period was extremely generous to Petitioner, but found equitable tolling was justified due to Hays County's blatant disregard of Petitioner's constitutional rights in having his state application filed.  With the equitable tolling, Petitioner's federal application is timely.

## DISCUSSION AND ANALYSIS

A.      **The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[3] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254.  Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court

_____

[3] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)).    The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court.    See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts.   Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1).   While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence.   See id.  Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings.    See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.      Procedural Bar**

Petitioner has not exhausted his state court remedies with regard to the new claims raised in his response that (1) he is actually innocent of the crimes alleged in counts one and two, (2) counsel was ineffective when he failed to impeach the victim's testimony with her prior inconsistent statements; and (3) Petitioner's state indictment was manufactured by the Hays County District Attorney's Office. Petitioner's unexhausted claims are procedurally barred. A subsequent state application for habeas corpus on Petitioner's unexhausted issues would be futile as it would be denied pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 as an abuse of the writ. When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case. Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553 (1991). In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief. Harris v. Reed, 489 U.S. 255, 262, 109 S. Ct. 1038, 1043 (1989). Additionally, even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred. Coleman, 501 U.S. at 735, 111 S. Ct. at 2557. The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. Id. at n.1. However, a petitioner can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to address the merits of the federal claim would

result in a miscarriage of justice.  Moore v. Roberts, 83 F.3d 699, 702 (5th Cir. 1996), citing

Coleman, 501 U.S. at 750, 111 S. Ct. 2565, cert. denied, 519 U.S. 1093, 117 S. Ct. 773 (1997).

Petitioner has failed to show cause and actual prejudice for his procedural default and has

made no showing that a failure to address the merits of the federal claim would result in a miscarriage

of justice.  Therefore, Petitioner is barred from raising his unexhausted claims.[4]

## C.    Denial of Jury Trial

In his first ground for relief Petitioner argues he was denied his right to a jury trial regarding

counts one and two of the indictment.  He contends the trial records reflect that he entered into a plea

agreement with the State for a term of deferred adjudication probation if he pleaded guilty to counts

three through seven, and the State would dismiss counts one and two.  He asserts the trial court failed

to render a judgment of probation but instead elected to proceed to trial.  He argues he entered a plea

only to counts three through seven pursuant to his plea agreement with the State, and asked counsel

to object when all nine counts were contained in the court's charge to the jury on punishment.

Petitioner maintains he did not enter a plea regarding counts one and two, did not stipulate to

evidence regarding those counts, and did not waive his right to a jury trial on those counts.

---

[4]        Additionally, the Court notes the Fifth Circuit does not recognize actual innocence as
a basis for relief under § 2254.  Lucas v. Johnson, 132 F.3d 1069, 1075-76 (5th Cir. 1998).  In Herrera
v. Collins, 506 U.S. 390, 417 (1993), the Supreme Court said in dicta "a truly persuasive
demonstration of actual innocence made after trial [in a capital case] would render the execution of
a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to
process such a claim."  In this case the Court need not decide whether Petitioner's actual innocence
claim is valid, because Petitioner has failed to adequately demonstrate his actual innocence and has
not attempted to demonstrate that there are no state avenues open to process his claim.  Accordingly,
Petitioner's claim does not warrant federal habeas relief.

In his supplement Petitioner contends the initial plea agreement, signed by all parties, is a legally binding contract and that the judge's signature indicates the judge approved the plea agreement.  He points out that although the judge rejected the plea agreement in December, there is no order of revocation.  He also contends the state court's findings conflict with the docket sheet in this case.

As explained by Respondent, neither Petitioner nor the State were bound by the terms of the original plea bargain agreement, because it was rejected by the trial court.  As further explained by Respondent, Texas Code of Criminal Procedure article 42.12 section 9(a) makes a presentence report mandatory before a judge places a defendant on deferred adjudication probation, unless, under subsection (g), the defendant has entered a plea agreement agreeing to a punishment of imprisonment. In this case, Petitioner had not agreed to a term of imprisonment.

Contrary to Petitioner's contentions, the record demonstrates Petitioner entered a guilty plea to all nine counts in the indictment with the understanding that he was waiving his right to have a jury determine his guilt or innocence.  Ex parte Doria, Supp. at 2 SF 9, 3 SF 5-9.  In open court, on the record, after being read the charges against him, Petitioner personally, intelligently, and knowingly gave consent to waive his right to a jury trial on all nine counts.  The state habeas court found that Judge Miller ascertained that Petitioner understood that he was giving up this right.  Ex parte Doria, Supp. at 14.  The Court of Criminal Appeals denied Petitioner's application on the findings of the trial court.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's

determination of facts in light of the evidence.  Accordingly, Petitioner's claim does not warrant federal habeas relief.

**D.      Failure to Admonish**

In his next ground for relief Petitioner argues his plea regarding counts one and two were rendered involuntary when the trial court failed to admonish him regarding the consequences to pleading guilty to those counts.  Petitioner references his initial plea agreement papers, which contained admonishments regarding the punishments for only counts three through nine.  He claims he was never admonished with regard to counts one and two.

The state court records reflect that on January 24, 2000, prior to entering his guilty pleas, in open court the trial court admonished Petitioner that "the penalty range for a first degree felony is not less than five, not more than 99 years or life in the penitentiary.  In addition, there's a fine of up to $10,000 that can be assessed." Ex parte  Doria, Supp. at 2 SF 10.  The court asked Petitioner if he understood the punishment range, and Petitioner responded that he did.  Id.  After admonishing Petitioner, the trial court informed Petitioner that his plea would not be formally locked-in until entered at trial and that he could therefore change his plea if he chose to at that time.  Id. at 2 SF 12.  At trial, Petitioner again entered a plea of guilty to all nine counts after the prosecutor read all nine counts of the indictment in open court.  Id. at 3 SF 5-9.

The state habeas court found that the trial court had admonished Petitioner regarding the punishment range for the first two counts.  Ex parte Doria, Supp. at 14.  The Court of Criminal Appeals denied Petitioner's application on the findings of the trial court.  Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's

11

application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, Petitioner's claim does not warrant federal habeas relief.

**E.      No Evidence**

Petitioner claims there is no evidence to support his convictions on counts one and two.  He further claims there is no record of his stipulation to the evidence regarding counts one and two, based on the initial plea agreement papers.  According to Petitioner, the State's initial agreement to dismiss counts one and two was based on an affidavit by the victim that such offenses never occurred. He also contends counsel led him to believe that once the State had abandoned the first two counts, they could not be reinstated.

A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent.  See James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995); and Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985), cert. denied, 474 U.S. 838 (1985).  For a guilty plea to be "intelligently" and "knowingly" entered, the defendant must understand both the true nature of the charge against him, and "the consequences" of a guilty plea, respectively.   United States v. Briggs, 939 F.2d 222, 227 (5th Cir. 1991) and United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990), cert. denied, 498 U.S. 1093 (1991).  A plea is intelligent if the defendant understood the nature and substance of the charges against him and not necessarily whether he understood their technical legal effect.  James v. Cain, 56 F.3d at 666 (citing Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991), cert. denied, 503 U.S. 988 (1992)).

Petitioner has not presented this Court with any credible evidence establishing that his plea was not voluntarily, knowingly or intelligently entered.  In fact, Petitioner does not suggest what motivated him to plead guilty to a crime he says he did not commit.  Because Petitioner has not

established there are infirmities with respect to his guilty plea, he may not attack the sufficiency of the evidence in this federal habeas corpus proceeding.  See Kelley v. Alabama, 636 F.2d 1082, 1084 (5th Cir. 1981).

Furthermore, the state habeas court found that the victim testified as to the facts of the first two counts at punishment, and concluded that such testimony was legally sufficient evidence to support his convictions.  Ex parte Doria, Supp. at 14-15.  Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

**F.     Double Jeopardy**

Next, Petitioner contends he has been subjected to double jeopardy because he has been found guilty of a greater inclusive offense as well as each minute segment included and encompassed within that same criminal transaction.  Petitioner maintains there were two criminal transactions which encompass the actions described in counts three through nine, and that the acts described in the first two counts never occurred.  Petitioner alleges that each of counts four through seven, having occurred on the same day, could have been a lesser included offenses of the other if committed in a single criminal transaction.  He also contends that counts eight and nine could have also been lesser included offenses of the other, having occurred on the same day.

A guilty plea waives a double jeopardy claim unless either the knowing and voluntary nature of the plea is challenged or the double jeopardy violation is discernible on the face of the indictment or record.  Taylor v. Whitley, 933 F.2d 325, 327-28 (5th Cir. 1991).  As explained above, Petitioner

has failed to demonstrate his guilty plea was unknowingly or involuntarily entered.  As explained below, three is no discernible double jeopardy violation on the face of Petitioner's indictment.

The Double Jeopardy Clause provides "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb."  The Supreme Court has interpreted the clause to protect against multiple prosecutions and multiple punishments for the "same offence."  United States v. Cruce, 21 F.3d 70, 72 (5th Cir. 1994) (citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). The focus is the "offense" for which the defendant is prosecuted and punished, not the particular conduct criminalized by that offense.  See United States v. Flores-Peraza, 58 F.3d 164, 165-66 (5th Cir. 1995).  "[T]he test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."  Blockburger v. United States, 284 U.S. 299, 304 (1932).  Unless each statute requires proof of at least one factual element not also found in the other statute, the statutes "fail" the Blockburger test and the defendant may not be punished under both statutes absent "a clear indication of contrary legislative intent." Flores-Peraza, 58 F.3d at 166 (quoting Whalen v. United States, 445 U.S. 684, 692 (1980)).

Texas courts have applied the Blockburger test to a number of cases raising double jeopardy challenges to child indecency and sexual assault convictions.  In Ochoa v. State, 982 S.W.2d 904 (Tex. Crim. App. 1998), the evidence showed the defendant sexually assaulted a child by penetrating the anus.  Id. at 907.  There was no proof of additional offenses.  Id.  On this evidence, the jury convicted the defendant of both aggravated sexual assault of a child by penetration and indecency with a child by contact.  Id.  The Texas Court of Criminal Appeals concluded, under the circumstances, indecency with a child by contact was a lesser included offense of aggravated sexual assault and a violation of the double jeopardy prohibition.  Id. at 908.

14

On the other hand, in Hutchins v. State, 992 S.W.2d 629 (Tex. App. – Austin 1999, pet. ref'd), the court upheld convictions for aggravated sexual assault and child indecency where the defendant touched the victim's genitals with his fingers before penetration of the victim's female sexual organ with his penis.  Id. at 633.  The court held that while the two acts were committed in close temporal proximity, the defendant's touching of the victim's genitals with his fingers was a separate and distinct act from his penetration of her female sexual organ with his penis.  Id.  As the defendant's conviction for indecency was not based on the same conduct underlying his conviction for aggravated sexual assault, the court held that there was no violation of the Double Jeopardy Clause.  Id.  See also Quinn v. State, 991 S.W.2d 52 (Tex. App. – Fort Worth 1998, pet. ref'd) (convictions for aggravated sexual assault and child indecency were upheld where each conviction for aggravated assault and child indecency required proof that the others did not); Murray v. State, 24 S.W.3d 881 (Tex. App. – Waco 2000, pet. ref'd) (convictions for aggravated sexual assault and indecency with a child upheld because the evidence demonstrated that the defendant committed two separate acts – penetrating the victim's female sexual organ with his finger and touching her genitals with his tongue).

Petitioner was convicted of nine offenses:  (1) aggravated sexual assault by causing his sexual organ to penetrate his victim's sexual organ on or about August 15, 1996; (2) aggravated sexual assault by causing his finger to penetrate his victim's sexual organ on or about August 15, 1996; (3) indecency with a child by contact by causing the victim's hand to touch his sexual organ on or about August 15, 1996; (4) indecency with a child by contact by causing the victim's sexual organ to touch his sexual organ on or about August 15, 1995; (5) indecency with a child by contact by touching the victim's sexual organ with his hand on or about August 15, 1995; (6) indecency with a child by

contact by touching the victim's breast with his mouth on or about August 15, 1995; (7) indecency with a child by contact by touching the victim's breast with his hand on or about August 15, 1995; (8) indecency with a child by contact by touching the victim's breast with his hand on or about August 15, 1994; and (9) indecency with a child by contact by touching the victim's breast with his mouth on or about August 15, 1994. The mere fact that some of the counts reference the same dates does not mean the offenses are not separate and distinct.

In fact, the victim testified at the punishment phase of trial that Petitioner, her step-father, began touching her breasts when she was seven or eight-years-old. Ex parte Doria, Supp. at 3 SF 32, 35. When asked how often Petitioner touched her, the victim replied, "whenever he had the chance." Id. at 34. According to the victim, Petitioner began touching her beyond her breasts when she was nine or ten-years-old. Id. at 35. This included touching her breasts with his mouth and touching her vagina. Id. at 36. It also included the Petitioner making the victim touch his penis with her hand. Id. The victim provided further examples of the abuse she endured. Id. at 38. Because Petitioner pleaded guilty to all nine counts, there was no guilt/innocence stage of trial at which the victim testified. Nevertheless, the victim described acts taken by Petitioner over a course of several years that can be differentiated as separate and distinct offenses. Accordingly, Petitioner waived his double jeopardy claim by pleading guilty, because there was no discernible double jeopardy violation on the face of Petitioner's indictment. This Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

**G.      Ineffective Assistance of Counsel on Appeal**

Petitioner next argues he was denied effective assistance of counsel in that his trial attorney did not file a notice of appeal on his behalf.  Petitioner asserts his friend, Terry Bell, asked counsel whether Petitioner could file an appeal.  Petitioner alleges counsel responded he could but then walked out of the courtroom without any explanation.  Petitioner further asserts Terry Bell called counsel's office and spoke to his secretary.  According to Bell's affidavit, the secretary told Bell, "Oscar doesn't need to even try to make an appeal, because that's just not going to happen.  He owes Mr. Green (her boss) around $10,000 and Mr. Green knows, at this point, that Oscar is not going to pay him any of it.  Oscar shouldn't even try to submit an appeal, because no one is going to listen to him about it."

On state habeas review counsel provided his affidavit in which he stated:

> On numerous occasions prior to trial Mr. Doria and I met and discussed trial strategy.  Since I knew at the time I was retained that a jury trial would be required, I discussed appeal with Mr. Doria.  These discussions included the option of an appeal after a jury had decided both guilt/innocence and punishment, and after a jury had decided punishment only after a guilty plea.  The last discussion prior to trial regarding appeal was had during a lengthy consultation with Mr. Doria on Sunday, January 23, 2000 at my office.  It was agreed by Mr. Doria that he would plead guilty to all nine counts in the indictment and have the jury assess punishment.  One of the many topics discussed was that Mr. Doria did not desire to appeal if the punishment assessed by the jury was less than forty (40) years. (citations omitted). After trial, on January 27, 2000, I visited Mr. Doria in the Hays County Law Enforcement Center and was again told by Mr. Doria that he did not want to appeal.  Mr. Doria was glad that his sentence of 25 years was better than the 40 year "cap" plea recommendation made by the State.  I told Mr. Doria to contact me immediately by phone or letter if he changed his mind regarding an appeal.  I did not hear from Mr. Doria until I received a letter from him dated February 14, 2002, asking if I had filed a Notice of Appeal for him.  At no time prior to February 14, 2002 had Oscar Doria either directly or indirectly requested that I appeal his case for him.  Further, Mr. Doria, to this day, has not requested that I withdraw as his counsel.

The conversation Terry Bell alleges he had with the secretary for Ray Green never transpired and the allegations in his "affidavit" are not true. (citations omitted).

Terry Bell's "affidavit" of September 15, 2000 regarding an alleged conversation with "Oscar's attorney" regarding whether Oscar could file an appeal is a total lie and never occurred. (citations omitted).

The state habeas court noted it has known trial counsel for many years and has observed him practice law in Hays and adjacent counties since he was licensed to practice law in 1979. Based on the trial court's knowledge and observations, the trial court found Green to be a truthful person and found counsel's affidavit credible. Ex parte Doria, Supp. at 13. The state habeas court further found that counsel had thoroughly discussed with Petitioner his rights and options regarding a possible appeal. Id. The state habeas court further found Petitioner was fully aware of his right to appeal and opted not to pursue one. Id. The state habeas court also found that Petitioner never made known to any person by any means his desire to appeal until two and one-half years after his conviction. Id. at 15. The state habeas court concluded that Petitioner was not denied the effective assistance of counsel. Id.

Petitioner claims counsel's affidavit is a lie. He denied counsel came to the Hays County Law Enforcement Center. As proof, he provides the Court with the visitation log for the period February 4, 2000 to March 13, 2000. He also appears to argue Green's affidavit is not credible because he failed to provide the trial court with billing logs to show he had counseled Petitioner with regard to his right to appeal. Petitioner fails to rebut the state habeas court's factual findings with clear and convincing evidence. The visitation log does not include January 27, 2000, the day counsel claimed to have visited Petitioner. As such, the visitation log provided by Petitioner is not relevant to this

issue.  Accordingly, the Court must give the state court findings the deference they are due.  As such, Petitioner is not entitled to habeas corpus relief.

## H.     Failure to Exclude Witnesses

Next, Petitioner contends he was denied due process when two of the State's witnesses were not excluded from the courtroom.  Specifically, Petitioner complains the victim's mother and father were allowed to sit in the courtroom and listen to testimony of other witnesses prior to testifying. He contends this violated Texas Rule of Evidence 614 and harmed him because of their direct relation to the victim.

There is nothing in the state court records that indicate the rule was ever invoked. Nevertheless, the issue of whether witnesses obeyed state court witness sequestration rules does not implicate a federal constitutional right.  Passman v. Blackburn, 652 F.2d 559, 569 (5th Cir. 1981).

## I.     Ineffective Assistance of Counsel

Petitioner also argues he received ineffective assistance of trial counsel in that counsel did not object to the trial court's jury instructions which included counts one and two and that counsel led him to believe that once the State had abandoned the first two counts in the original plea agreement, they could not be reinstated.

Petitioner pleaded guilty to all nine counts.  Therefore, it was not error for the trial court to include instructions regarding the first two counts.  Counsel is not deficient for failing to make a futile objection.  Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990).  The record is clear Petitioner knew he was pleading guilty to all nine counts.  His claim that his attorney advised him that the first two counts could not be reinstated is simply not credible.

19

Petitioner also argues he received ineffective assistance of trial counsel in that counsel failed to seek out and interview potential witnesses. Petitioner contends counsel should have called as a witness T.C. Saathoff, Petitioner's personal therapist. Petitioner asserts Saathoff would have testified that Petitioner was not a danger to society. Petitioner also contends counsel should have called his friend, Terry Bell, to testify. Petitioner contends his punishment would not have been as severe if these witnesses would have testified.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. See Cuyler v. Sullivan, 446 U.S. 335, 344, 100 S. Ct. 1708, 1716 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. Id., 104 S. Ct. at 2064. The Fifth Circuit has described that standard as "requiring that counsel research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." United States v. Herrera, 412 F.3d 577, 580 (5th Cir. 2005) (quoting United States v. Conley, 349 F.3d 837, 841 (5th Cir. 2003)). Second, the petitioner must establish prejudice. See Strickland, 104 S. Ct. at 2067. Where ineffective assistance of counsel is alleged during the punishment phase of a non-capital case, the petitioner must demonstrate that the sentence he received would have been "significantly less harsh" but for the deficient performance of his attorney. Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993). Among the relevant factors the court must consider are: (1) the sentence imposed in the case; (2) the minimum and maximum sentence allowed by law; (3) the placement of the sentence within the allowable range;

20

and (4) any mitigating or aggravating factors considered by the trier of fact.  Spriggs, 993 F.2d at 88-89.[5]

In order to obtain post-conviction relief on Petitioner's ineffective assistance of counsel claim for failing to call additional witnesses, Petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound strategy."  Knox v. Johnson, 224 F.3d 470, 479 (5th Cir. 2000), cert. denied, 532 U.S. 975, 121 S. Ct. 1610 (2001) (quoting Strickland, 104 S. Ct. at 2065).  Strategic choices, made after a thorough investigation of the law and facts relevant to plausible options, are "virtually unchallengeable."  Strickland, 104 S. Ct. at 2066. "A conscious and informed decision of trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."  Green v. Johnson, 116 F.3d 1115, 1122 (5th Cir. 1997). So long as counsel makes an adequate investigation, any strategic decisions as a result of that investigation fall within the wide range of objectively reasonable professional assistance.  See Moore v. Johnson, 194 F.3d 586, 591-92 (5th Cir. 1999). Moreover, even if the Court believes that testimony from additional witnesses might have mitigated the petitioner's punishment, relief is not automatic. "The Sixth

---

[5]  In United States v. Grammas, 376 F.3d 433 (5th Cir. 2004), the Fifth Circuit abrogated the "significantly less harsh" test for ineffective assistance of counsel claims arising under the federal sentencing guidelines.  Id. at 438.  See also Glover v. United States, 531 U.S. 198, 203, 121 S. Ct. 696, 700 (2001) (holding that "any amount of actual jail time has Sixth Amendment significance"). However, the court noted an important distinction between the federal guidelines and state sentencing regimes.  Because state sentencing tends to be more discretionary than the more predictable federal system, "practically any error committed by counsel could [result] in a harsher sentence."  Grammas, 376 F.3d at 438 n. 4 (quoting Spriggs, 993 F.2d at 88). Therefore, the court limited its adoption of the "any amount of jail time" test to cases involving the federal guidelines. Id.

Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 6 (2003).

Judged against these standards, Petitioner cannot show that his attorney was ineffective for failing to call additional witnesses. Petitioner was represented at trial by a competent and experienced criminal law practitioner. In a sworn affidavit presented to the state habeas court, defense counsel explained he had spent many hours and much effort investigating this case. Ex parte Doria, Supp. at 2-4. The state habeas court accepted his explanation as to whom he decided to call as witnesses and determined that counsel was not ineffective. Id. at 15. Additionally, Petitioner's sentences were relatively light compared to the maximum range of punishment to which he was exposed. In light of the victim's testimony concerning the abuse she suffered, the Court cannot say that Petitioner's sentence would have been significantly less harsh had counsel called additional witnesses.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

## **RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## **OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The

District Court need not consider frivolous, conclusive, or general objections.  Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

The Clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 4th day of May, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE